UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO:  00-0249** |
| **LAWRENCE A. WILLIAMS** | **SECTION: "S" ()** |

**JUDGMENT REVOKING SUPERVISED RELEASE**

The government in this case has filed a "Rule to Revoke Supervised Release," in which it requests that this court revoke the sentence of supervised release imposed on defendant Lawrence A. Williams.

I. HISTORY OF THE CASE

     Lawrence A. Williams pleaded guilty to identity fraud, mail fraud, and wire fraud, in violation of 18 U.S.C. §§ 1028(a)(7), 1028 (b)(1)(D), 18 U.S.C. §1341,2, and §3147.  On October 24, 2001, Williams was sentenced to a term of imprisonment of 33 months as to counts three and seventeen, to be served concurrently, with an 8 month statutory enhancement as to Count 17, to be served consecutively, and followed by a term of supervised release of three years.  Williams was ordered to pay restitution in the amount of $34,000, at a rate of $500.00 per month. In addition to the standard and mandatory conditions of supervision, he was required to (1) participate in an orientation and life skills program as directed by the probation officer; (2) make complete disclosure of his personal and business finances and submit to an audit of his personal financial records, as directed by the United States probation officer; (3) refrain from opening new lines of credit or incurring new charges without the permission of the United States probation officer; and (4) pay any restitution imposed by the judgment.  A $200.00 special assessment fee was also ordered. On December 16, 2003, Williams was released from the custody of the Bureau of Prisons, at which time his supervised release term commenced.

II. COURT'S FINDINGS

Based on the stipulated evidence, the court finds that the defendant, Lawrence A. Williams, violated the conditions of his supervised release in the manner alleged by the Government in the "Rule to Revoke Supervised Release."

Specifically, the defendant violated the conditions of supervision as follows:

Williams failed to submit payments towards restitution a ordered by the court. He has only made three payments since December of 2003, and his last payment was submitted on October 20, 2004. He has a balance remaining.

Williams failed to submit truthful monthly supervision reports and has not reported directly to the U.S. Probation Office. Following Hurricane Katrina, he failed to submit reports for August 2005 through January 2006. His last report to the U.S. Probation Office was August 23, 2005.

Williams failed to report a change in residence or employment since Hurricane Katrina. He failed to notify the U.S. Probation Office of a change in residence. His whereabouts were unknown until he was arrested by the U.S. Marshals in Atlanta, Georgia on January 11, 2007.

III. SENTENCE IMPOSED

The court finds, pursuant to the Advisory Committee notes to the 1979 addition to Federal Rule of Criminal Procedure 32.1, that it would unduly deprecate the seriousness of the defendant's violation if supervised release were not revoked.

IT IS ORDERED, that the term of supervised release imposed on October 24, 2001 is revoked, and the defendant is sentenced to time served. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 35 months. It is further ordered that the defendant pay restitution to the victims at their respective addresses as set forth in the court's Judgment and Probation/Commitment Order entered on October 31, 2001 (record document #56) in the amount of $33,505.00, payable at a rate of $100.00 per month until paid.
The following special conditions are imposed:
1) That the defendant pay $3,000.00 during the first 30 days of supervision;
2) The defendant shall make complete disclosure of his personal and business finances and submit to an audit of his personal financial records, as directed by the United States probation officer.
3) The defendant shall refrain from opening new lines of credit or incurring new charges without the permission of the United States probation officer.

4) The defendant shall pay any restitution imposed by this judgment.

New Orleans, Louisiana, this  9th  day of February, 2007.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE